# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
  Ronald Quackenbush, Sr., et al. v. Merck & Co., Inc.,   )
      N.D. New York, C.A. No. 3:10-932   )   MDL No. 1657

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in this New York action (*Quackenbush*) move pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] asking the Panel to vacate its order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 1657. Defendant opposes the motion.

After considering all argument of counsel, we find that *Quackenbush* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of this action to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is warranted for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Prods. Liab. Litig.,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

The *Quackenbush* plaintiffs primarily oppose inclusion of their action in MDL proceedings because discovery and other pretrial proceedings are complete in personal injury actions which allege a heart attack injury. In fact, plaintiffs' counsel has sought a suggestion of remand of other similar cases that are already part of the MDL proceeding. The relative merits of transferring additional cases can change as the transferee court completes its primary tasks. Whether continued inclusion of tag-along actions is appropriate is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases. *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F.Supp.2d 1371, 1372 (J.P.M.L. 2009); *see also In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F.Supp.2d 1379 (J.P.M.L. 2009). Since the creation of MDL No. 1657, much discovery

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] Amended Panel Rules became effective on October 4, 2010.

-2-

has been completed and the transferee judge has addressed many complex and novel legal issues. Given the ongoing pretrial proceedings in MDL No. 1657, including the pending motion for a suggestion of remand of similar cases, the transferee judge remains in the best position to manage all related Vioxx actions in order to streamline any remaining discovery and pretrial motions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chair

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |